**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

EDIN MISAEL SUCHITES,

Petitioner,

v.

CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,

Respondent.

No. 2:26-cv-03519-SHL-atc

**ORDER GRANTING PETITION**

On November 6, 2026, Petitioner Edin Misael Suchites' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 was filed. (ECF No. 1.) Petitioner challenges the legality and constitutionality of his immigration-related detention. (Id. at PageID 1.) He seeks release from Respondent's custody or, in the alternative, an individualized bond hearing. (Id. at PageID 3.) Respondent responded on November 13, contending that the Petition should be dismissed because Petitioner has not exhausted his administrative remedies. (ECF No. 11 at PageID 81.) Petitioner replied on November 16. (ECF No. 12.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner following his immediate transfer back to the Western District of Tennessee.

**BACKGROUND**

Petitioner is a citizen of Honduras who entered the United States in 2021. (ECF No. 1 at PageID 10.) He was apprehended by ICE on or about November 5, 2026. (Id.) He was first detained at the West Tennessee Detention Facility, then transferred to a detention center in

Louisiana despite the Court's Order Staying Transfer and Requiring Response.[1] (ECF No. 10 at PageID 74.) Respondent contends that Petitioner was arrested by immigration officials in Marshall County, Tennessee after he was released from the local jail where he was being held after his second arrest for driving under the influence.[2] (ECF No. 11 at PageID 80.) The charges from both arrests remain pending. (ECF No. 11-2 at PageID 91.) Petitioner requests, among other things, immediate transfer back to the district of West Tennessee, and immediate release. (ECF No. 1 at PageID 33–34.)

## ANALYSIS

Respondent concedes that this case is governed by Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (ECF No. 11 at PageID 80.) Respondent maintains that Petitioner should be required to exhaust administrative remedies before granting relief. (Id.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id. at PageID 18.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr.

---

[1] Petitioner also filed an Emergency Motion to Enforce the November 9, 2026 Order and Compel Petitioner's Return. (ECF No. 10.) There, Petitioner notified the Court that Respondent transferred Petitioner to a detention center in Louisiana despite this Court's Order Staying Transfer and Requiring Response. (Id. at PageID 74.) Respondent does not explain why Petitioner was transferred following an order not to do so, but Respondent is cautioned to ensure that future orders are followed. Petitioner's Motion to Enforce is **GRANTED** to the extent this Order provides the relief requested therein.

[2] Respondent does not argue, however, that the Laken Riley Act mandates Petitioner's detention. Indeed, although the Act attaches immigration consequences to a number of criminal acts, it does not mention DUI. See 8 U.S.C. § 1226(c)(1)(E) (requiring mandatory detention of noncitizens found to be "inadmissible" and who are charged with, arrested for, convicted of, or admit to committing "any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person").

23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Here, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos v. Raycraft, 175 F.4th 713, 734 (6th Cir. 2026). ICE's decision to detain him absent important procedural protections violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that although Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Western District of Tennessee. Immediately following Petitioner's return to this District, Respondent is **ORDERED** to release Petitioner, and immediately return to Petitioner any property seized by the Government, including, but not limited to any documentation in the possession of Petitioner at

the time of his arrest and detainment. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 18th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE